The ELMO COMPANY, Inc., Petitioner,

v.

FEDERAL TRADE COMMISSION,
Respondent.

No. 20709.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 13, 1967.

Decided Dec. 27, 1967.

Mr. Geo. Stephen Leonard, Washington, D. C., for petitioner.

Mr. Daniel H. Hanscom, Attorney, Federal Trade Commission, with whom Mr. James McI Henderson, General Counsel, Federal Trade Commission, was on the brief, for respondent. Mr. Harold Rhynedance, Jr., Attorney, Federal Trade Commission, also entered an appearance for respondent.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and BURGER, Circuit Judge.

BURGER, Circuit Judge.

In 1952 the Federal Trade Commission issued a complaint against the Elmo Corporation for engaging in false and deceptive practices in marketing a series of products known as the "Elmo Palliative Home Treatment." A consent decree resulted which permitted Elmo to claim that its products had some beneficial effects in the treatment of impaired hearing or head or ear noises. Elmo revised its advertising subsequent to this order. Since that time, advertising has been primarily by way of user endorsements, claiming beneficial effects for this treatment in their own cases.

In 1964 the Commission filed a new complaint for deceptive advertising, this

time against the Drive-X Company, Inc., which had purchased the treatment in 1961 from Elmo. The Drive-X Company sued in the District Court to enjoin that complaint and to require the Commission to proceed by reopening the prior order. The District Court dismissed for want of jurisdiction. On appeal, this Court found the District Court to have jurisdiction to so direct the Commission. Elmo Division of Drive-X Company v. Dixon, 121 U.S.App.D.C. 113, 348 F.2d 342 (1965). The Court did not rely solely on the statutory provision for rehearing to re-open a prior order,[1] but pointed to the rule of the Commission entitling petitioner to a hearing on a proceeding to re-open the consent order that was incorporated into the 1952 order as creating a "plain statutory command" that such a proceeding be followed.

The Commission then re-opened the 1952 order. A hearing examiner held hearings at which the Commission and petitioner were represented by counsel who presented briefs, proposed findings and oral arguments. Each side also presented the written statements, in question and answer form, of three experts relating to the effectiveness of the "Elmo Palliative Home Treatment." The experts for the Commission, although none of them had tested the Elmo treatment, stated that its stipulated ingredients could have no beneficial effects on the loss of hearing or head noises. The experts for petitioner stated that, although the ingredients of the Elmo treatment have been supplanted by modern drugs as the most effective treatment, they do have some beneficial effects on head noises and loss of hearing, and some doc-

tors still recommend these ingredients. Petitioner also presented fourteen texts on otolaryngology and pharmacology to support the claimed beneficial effects of the ingredients of its products.

After setting out most of the statements of the Commission experts, the hearing examiner's recommendation to the Commission stated that the medical testimony showed sufficient reason to believe that the public interest would be served by setting aside that part of the prior order permitting the claim of some benefits from petitioner's treatments.[2]

The Commission then received briefs and heard oral arguments on the question of re-opening the 1952 order. It found that "the 1952 order fails adequately to protect the public interest" and decided that the entire 1952 order should be re-opened, staying the effect of the re-opening until a superseding order should become effective. This is now under review.

The only substantial question raised by this appeal is what showing of public interest is necessary to re-open a final order of the Federal Trade Commission.[3] Although the present hearing was apparently pursuant to the terms of the consent order itself, Elmo Division of Drive-X Company v. Dixon, 121 U.S. App.D.C. 113, 116, 348 F.2d 342, 345 (1965), we can see no distinction now regarding the standards to re-open between this hearing and one under § 5(b) of the Federal Trade Commission Act, 15 U.S.C. § 45(b) (1964).

The thrust of petitioner's argument is that the finding of "public interest" as a basis to re-open must be greater than

1. 15 U.S.C. § 45(b) (1964).

2. The hearing examiner concluded:
 One quarter of a million people have already paid respondent either the first asking price of $10 or the follow-up price of $7.35 for the "Elmo Palliative Home Treatment." Unless the 1952 consent settlement be set aside in part and corrective action undertaken consistent with the preceding findings herein made, a considerable number of the purchasing public may further go unprotected and suffer substantial mon-

etary loss in the payment for a treatment described on the record of this hearing by qualified and experienced specialists, as worthless for the represented results advertised.

3. The Commission relies on the "public interest" basis because the findings of the trial examiner did not show any change of fact or law—the other bases for re-opening an order under both the 1952 order and the statute, 15 U.S.C. § 45(b) (1964).

that necessary to bring a complaint in the first place. Petitioner relies on three cases for this proposition: Civil Aeronautics Board v. Delta Air Lines, Inc., 367 U.S. 316, 81 S.Ct. 1611, 6 L.Ed.2d 869 (1961); American Trucking Ass'ns, Inc. v. Frisco Transportation Company, 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958); United States v. Seatrain Lines, Inc., 329 U.S. 424, 67 S.Ct. 435, 91 L.Ed. 396 (1947). None of these cases gives direct support to petitioner. *Delta* merely held the CAB to the statutory requirement of notice and a hearing if it was to revoke a certificate of convenience and necessity. *American Trucking* permitted the ICC to open an order to correct an inadvertent, clerical error. And *Seatrain* held that the ICC could not partially revoke a certificate of convenience and necessity for a water carrier when Congress had not granted this power.

More in point is the decision of the Ninth Circuit in Mohr v. Federal Trade Commission, 272 F.2d 401 (9th Cir. 1959). There, as here, the Commission re-opened a prior order. The new order required affirmative disclosure that the forms in question were seeking information to locate delinquent debtors, whereas the original order merely prohibited any representation that the forms were for other purposes. The Court held that, even if the first order had been intended to require affirmative disclosure, "ineptness of expression in the original order would not stand in the way of reopening the proceeding and modifying the order." 272 F.2d at 405. Alternatively, if the Commission had since decided that affirmative disclosure was necessary, "this would likewise be immaterial. Experience under the cease and desist order * * * showed that mere elimination of specific statements from the forms was not enough to stop the deception. The Commission was entitled to change its mind, if that is what it has done, as

to the kind of a cease and desist order which was necessary to protect the public interest." 272 F.2d at 405–406. Clearly, the Court was looking to public interest at the time that the order was re-opened. There is nothing to suggest that it was referring to a different standard than it would use to test the public interest in issuing a new complaint.

 The premise from which we approach this question is that "the Commission is not a private party, but a body charged with the protection of the public interest; and it is unthinkable that the public interest should be allowed to suffer as a result of inadvertence or mistake on the part of the Commission or its counsel where this can be avoided." P. Lorillard Co. v. Federal Trade Commission, 186 F.2d 52, 55 (4th Cir. 1950). Where the statute expressly permits re-opening of an order if the public interest requires, we see no reason to employ a higher standard of public interest than in that part of the same section of the statute relating to the issuance of an initial complaint.[4] The function of the Commission is essentially the same in both instances.

 The Commission makes a sufficient showing to re-open a prior order if it shows reasonable grounds to believe that the public interest at the present time would be served by the re-opening. Such a showing has been made here. The Commission's experts raised a serious question as to whether petitioner's treatment has any beneficial effects at all. Petitioner has advertised the product to have beneficial effects and there are substantial sales.[5] Consequently, the Commission's finding that the public interest warrants re-opening the 1952 consent order should be affirmed.

Affirmed.

4. 15 U.S.C. § 45(b) (1964). The public interest to initiate a complaint must be "specific and substantial." See Federal Trade Commission v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706 (1933); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587, 75 L.Ed. 1324 (1931).

5. See footnote 2 *supra*.