490

**FLORIDA EAST COAST RAILWAY COMPANY, Plaintiff,**

and

Southern Railway Company et al., Intervening Plaintiffs,

v.

**UNITED STATES of America, and Interstate Commerce Commission, Defendants,**

and

Atlantic Coast Line Railroad Company, A. Duda & Sons, Inc., and A. Duda & Sons Cooperative Association, Intervening Defendants.

No. 65-12-CIV.-J.

United States District Court
M. D. Florida,
May 19, 1965.

Fred H. Kent, of Ulmer, Murchison, Kent, Ashby & Ball, Jacksonville, Fla., A. Alvis Layne and William A. Chesnutt, Washington, D. C., for plaintiff Florida East Coast Railway Co.

W. Graham Claytor, Jr., James A. Bistline, Peter S. Craig, Washington, D. C., H. P. Osborne, Jr., John M. McNatt, Jr., Jacksonville, Fla., for intervening plaintiffs Southern Railway Co., Alabama Great Southern Railroad Co., Cincinnati, New Orleans & Texas Pacific Railway Co., New Orleans & Northeastern Railroad Co., Georgia Southern & Florida Railway Co., and Carolina & Northwestern Railway Co.

Edward F. Boardman, U. S. Atty., William J. Hamilton, Jr., Asst. U. S. Atty., Jacksonville, Fla., William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for defendant United States.

Robert W. Ginnane, Gen. Counsel, Fritz R. Kahn, Asst. Gen. Counsel, Raymond M. Zimmet, Atty., I. C. C., Washington, D. C., for I. C. C.

Prime F. Osborn, Phil C. Beverly, Charles B. Evans, Jacksonville, Fla., for intervening defendant Atlantic Coast Line Railroad Co.

William H. Maness, Kurz, Toole, Maness & Martin, Jacksonville, Fla., for intervening defendant A. Duda & Sons, Inc. and A. Duda & Sons Cooperative Association.

Before JONES, Circuit Judge, and SIMPSON and McRAE, District Judges.

PER CURIAM:

The Atlantic Coast Line Railroad Company (A C L) applied to the Interstate Commerce Commission for a certificate of public convenience and necessity to construct, in Palm Beach County, Florida, an extension of an existing rail line, now terminating at the Okeelanta sugar mill, a distance of 6.5 miles east, and from this point it was proposed that one branch would run north 2.5 miles to the site of a packing house and precooling plant which A. Duda & Sons (Duda) proposed to build, and another branch would run south to the mill of the South Flori-

da Sugar Company. The proceeding instituted by this application is the Commission's Finance Docket No. 22696. The Florida East Coast Railway Company (F E C) protested the granting of a certificate to the A C L and sought on its own behalf a certificate for the extension of an existing rail line from a sugar mill near Belle Glade, Florida, south and southeast, for a distance of about ten miles, through the property of Duda and others to the mill of the South Florida Sugar Company. The proceeding instituted by the F E C application is the Commission's Finance Docket No. 22777. The Commission granted the A C L application and issued a certificate of public convenience and necessity to it. The application of the F E C was denied.

The F E C has brought this action to enjoin, annul and set aside the order of the Commission. The Commission's order has been stayed by a preliminary injunction of this court. The Southern Railway and five affiliated companies (Southern) was permitted to intervene as plaintiffs. A C L and Duda were permitted to intervene as defendants. Southern filed a complaint, claiming it would lose interchange traffic at Jacksonville. The defendants and intervening defendants answered. A hearing was had on April 12, 1965, and a transcript of the proceedings before the Commission, with its report and order,[1] was offered and received in evidence. At the outset, the primary function of this Three-Judge statutory court [2] is to determine whether there is substantial evidence on the record as a whole to support the findings of the Commission, and whether it has applied proper legal standards in the conduct of the proceedings before it and in conclusions which it reaches [3].

The F E C urges that the proposal of A C L is not, in fact, for a line of rail to serve the public but is rather for two private lines, one to serve Duda and

---

1. ICC Finance Docket 22696, 22777.

2. 28 U.S.C.A. §§ 1336, 1398, 2321–2325.

3. The effect of matters arising since the entry of the Commission's order, which is here under review, will be hereafter considered.

the other to serve South Florida Sugar. The Commission considered the "private line" contention of the F E C and rejected it. This court has also given consideration to the question and finds it to be without merit. It is true that the greater part of shipments over the northerly leg of the A C L extension will, at the outset, originate with Duda and consist of vegetables produced by it or by the members of the Duda cooperative. But Gressinger & Sons, who will either use the Duda facility or erect one of its own, are substantial producers and will become substantial shippers on the A C L extension.

The Commission, in its opinion, mentioned a number of matters with respect to the F E C application. It pointed out that a small part of the extension would be over a spur owned by a shipper and not by the railroad, that the cost of its proposed extension would exceed the authorization of its board of directors, that meaningful studies of the terrain to be traversed had not been made, that no commitments for a right-of-way had been secured, and that adequate financing had not been shown. As to some of these, the F E C says that the Commission's statements are immaterial, overstressed or unsubstantiated. As to others, the F E C says that if the hearings on the two applications had been postponed, the omissions would have been supplied. The application of the A C L was filed on July 10, 1963, and was originally scheduled for hearing on September 24, 1963. The F E C filed its application on September 13, 1963.

The necessity for a prompt hearing was recognized, not only by the Commission but by the F E C, and the only postponement sought by it was to permit it to give a required notice and permit its application to be heard with that of the A C L. The Commission found that the F E C had ample time for preparation and we find no fault with this determination.

■ The decision to be made here is to be resolved upon the basis of whether the evidence in the record before us of the proceedings before the Commission sustains the finding that public convenience and necessity required the granting of the A C L application and the denial of the F E C application. We can reach no conclusion other than that the finding is supported by substantial evidence and the Commission's decision must be upheld.

■ The F E C insists that the Commission's order permits an invasion of its territory by the A C L. We think the Commission was fully justified in its finding that the territory to be served by each of the proposed extensions was not being served by any rail line.

The F E C attempted to make a showing that its existing service might be impaired and its economic stability jeopardized by the granting of the A C L application and the denial of the F E C application. The Commission believed, and we agree, that the showing was insufficient to tip the scale in favor of the F E C in the contest between the two railroads.

■ The Commission found that the loss of traffic and revenue by Southern as a result of granting the A C L application would be minimal. Its complaint is dismissed.

■ On the day of the hearing before this court, the F E C reported to the court that it was informed that the owners of the South Florida Sugar Mill had sold its properties and that the mill would cease operations and be dismantled. It moved for a remand to the Commission for a further hearing and reconsideration in light of changed circumstances. Duda asked for leave to take testimony or, in the alternative, to strike an affidavit submitted by F E C in support of its motion. On the same day as the hearing before the court, a petition was filed with the Commission for reopening, a further hearing and consideration. While the cause was under submission before the court, the Commission entered an order finding that the loss of the sugar mill was not such a factor as would affect the need for con-

struction of the A C L extension to the other area to be served. The Commission declined to reopen and reconsider. We cannot say that any showing was made requiring it to do so.

Other matters raised by the F E C have been considered and are found to be without merit. The preliminary injunction is vacated and set aside. The order of the Interstate Commerce Commission here under review is affirmed and the complaint is dismissed. An appropriate order will be entered. This opinion will constitute the findings and conclusions of the court.