**WATKINS MOTOR LINES, INC.,**
Plaintiff,

v.

**UNITED STATES** of America and Interstate Commerce Commission,
Defendant.

Civ. A. No. 679.

United States District Court
M. D. Georgia,
Thomasville Division.

Feb. 14, 1966.

Altman & Johnson, Thomasville, Ga., and Joseph H. Blackshear, Gainesville, Ga., for plaintiff.

Fritz R. Kahn, John H. D. Wigger, Washington, D. C., Wilkes C. Robinson, Richmond, Va., and T. Heyward Vann, Thomasville, Ga., for defendants.

Before BELL, Circuit Judge, and BOOTLE and ELLIOTT, District Judges.

ELLIOTT, District Judge:

This is an action under Sections 1336, 1398, 2284 and 2321 through 2325, of Title 28, of the United States Code, Section 17(9) of the Interstate Commerce Act, 49 U.S.C. § 17(9), and Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, by which the Plaintiff, Watkins Motor Lines, Inc., seeks to enjoin, annul and set aside the report and order of the Defendant, Interstate Commerce Commission, entered August 31, 1961, by which the Defendant partially denied Watkins' application for motor carrier operating authority to which the Plaintiff claims it was entitled under the law and the evidence, reference being made to ICC Docket No. MC–95540 (Sub-No. 298).

The Transportation Act of 1958, 72 Stat. 573, subjected to Commission regulation the interstate motor carrier transportation of certain categories of agricultural commodities which had previously been exempt from such regulation, among such commodities being frozen fruits, frozen berries and frozen vegetables. It was provided by § 7(c) of the Act [1] that those who on May 1, 1958 and thereafter were engaged "in bona fide operation" as a motor carrier of one or more of these commodities upon application to the Commission could secure "a certificate or permit, as the type of operation may warrant, authorizing such operations as a common or contract carrier by motor vehicle" as the applicant previously had performed.

Pursuant to this provision in the Act, Watkins filed for such "grandfather" rights, seeking a certificate to transport frozen fruits, frozen berries and frozen vegetables from all points in twenty-six states in various combinations to all points in thirty-three states and the District of Columbia. This application was protested by certain other carriers. The application was heard before an Examiner of the Commission in November, 1960 and in May, 1961 the Examiner served his report and recommended order partially denying Watkins' application. No exceptions were taken by Watkins to the Examiner's report. However, exceptions were filed by protesting carriers and Watkins replied to these exceptions.

On August 31, 1961 the Commission, Division 1, entered its report and order, this being the order which is assailed in this action. At page 6 of its report the Commission declared:

"To be entitled to 'grandfather' operating rights under section 7(c) of the Transportation Act of 1958, an applicant must demonstrate that it has been engaged in the bona fide transportation of the commodities for which authority is sought, on and since May 1, 1958, except for interruptions in service which are beyond its control. Although the term 'bona fide opera-

---

1. "(c) Subject to the provisions of section 210 of the Interstate Commerce Act, if any person (or its predecessor in interest) was in bona fide operation on May 1, 1958, over any route or routes or within any territory, in the transportation of property for compensation by motor vehicle made subject to the provisions of part II of that Act by paragraph (a) of this section, in interstate or foreign commerce, and has so operated since that time * * * except * * * as to interruptions of service over which such applicant * * * had no control, the Interstate Commerce Commission shall without further proceedings issue a certificate or permit, as the type of operation may warrant, authorizing such operations as a common or contract carrier by motor vehicle if application is made to the said Commission as provided in part II of the Interstate Commerce Act and within one hundred and twenty days after th date on which this section takes effect. * * * *"

tions' is not susceptible of exact definition, we have construed it in previous cases to mean substantial, as distinguished from incidental, sporadic, or infrequent service. E. g., E. G. Long Common Carrier Application, 81 M.C.C. 689.

"Applying that criterion to the facts presented herein, we are of the opinion that applicant has been engaged in the bona fide transportation of frozen vegetables, frozen fruits, and frozen berries, on and since May 1, 1958, to the extent hereinafter set forth in our findings, and that authority to continue such operations should therefore be issued. No other operations performed by applicant meet the statutory criteria because they were either infrequent or sporadic or lack the requisite continuity of performance both on or before as well as since the critical date."

After the filing of this report and order Watkins did not petition the Commission for reconsideration, but again the protesting carriers petitioned for reconsideration, and Watkins again replied to this protest. On February 1, 1963 the Commission denied the petitions for reconsideration.

The instant action was filed in this court on May 10, 1963 and, upon consideration, the Commission on May 15, 1963 extended until further order of the Commission the time within which Watkins is obliged to comply with the Commission's orders. Accordingly, under the provisions of § 7(c) of the Transportation Act of 1958 Watkins has operated and continues to operate throughout the territory sought to be served under its "grandfather" application.

Following a pre-trial conference, briefs were filed by the interested parties and a hearing was had on January 5, 1966.

Two questions are presented for this Court's determination: (1) whether the Commission's determination that Watkins was entitled to no greater "grandfather" rights than it awarded to Watkins was warranted by the applicable law

and the facts of record; and (2) whether, assuming the Commission erred, the matter was properly before this Court, Watkins having failed timely to bring the matter to the attention of the Commission.

In connection with the first question presented Watkins contends that "the Commission should have included frozen fruits and frozen berries from and to the same points and places it granted (it) authority to transport frozen vegetables, and authority to transport frozen vegetables where it was authorized to transport either frozen fruits or frozen berries". In substance Watkins asserts that the three commodities, frozen fruits, frozen berries and frozen vegetables as a matter of law comprise a single commodity class, the past bona fide motor carrier transportation of one or more of which entitled Watkins to "grandfather" rights to handle all of them. Admittedly, Watkins did not make this contention before the Commission, it appearing that this contention now made is suggested by decisions of the courts handed down since this matter was before the Commission.

This situation suggests the propriety of first giving consideration to the second question presented, that of jurisdiction.

It is clearly settled that in reviewing the validity of a report and order of the Commission a court is confined to considering only those errors that were specifically relied upon by the Plaintiff before the Commission. It has been frequently stated by the Supreme Court that matters which are not brought to the attention of the administrative body and relied on there may not be raised for the first time in court. In United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952) the Court said:

"We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise

issues reviewable by the courts. It is urged in this case that the Commission had a predetermined policy on this subject which would have required it to overrule the objection if made. While this may well be true, the Commission is obliged to deal with a large number of like cases. Repetition of the objection in them might lead to a change of policy, or, if it did not, Commission would at least be put on notice of the accumulating risk of wholesale reversals being incurred by its persistence. Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."

Again, in United States v. Capital Transit Co., 338 U.S. 286, 70 S.Ct. 115, 94 L.Ed. 93 (1949) the Supreme Court held that a point not raised before the Commission could not be relied upon in the courts as a ground for setting aside the Commission's action, saying:

"It is also argued here that the orders should be set aside because they are confiscatory. But the record fails to show that this issue was properly presented to the Commission for its determination. Therefore the question of confiscation is not ripe for judicial review."

In McGraw Electric Co. v. United States, 120 F.Supp. 354 (E.D.Mo.1954), affmd. mem. 348 U.S. 804, 75 S.Ct. 45, 99 L.Ed. 635 (1954), the Court rejected certain arguments made by the Plaintiffs, declaring:

"The short answer to this is that the plaintiffs made no such contentions before the Commission and should not be heard to make them for the first time before this Court. General Transp. Co. v. United States, D.C., 65 F:Supp. 981, 984."

The principle that a party must have relied on the alleged error before the Commission in order to be able to raise the question in court as a ground for setting aside the Commission report and order is widely recognized and is based essentially on the doctrine of exhaustion of administrative remedies, and, insofar as the Interstate Commerce Act is concerned, there is a statutory expression of that doctrine in § 17(9) of the Act, which provision is as follows:

"When an application for rehearing, reargument, or reconsideration of any decision, order, or requirement of a division, an individual Commissioner, or a board with respect to any matter assigned or referred to him or it shall have been made and shall have been denied, or after rehearing, reargument, or reconsideration otherwise disposed of, by the Commission or an appellate division, a suit to enforce, enjoin, suspend, or set aside such decision, order, or requirement, in whole or in part, may be brought in a court of the United States under those provisions of law applicable in the case of suits to enforce, enjoin, suspend, or set aside orders of the Commission, *but not otherwise*. (Emphasis added)

Thus, even if it be assumed that the Commission should have included frozen fruits, frozen berries and frozen vegetables within the same category for the purpose of granting authority to Watkins, the matter is not properly before this Court for determination for the reason that Watkins did not timely bring it to the attention of the Commission either by exception to the Examiner's recommended report and order or by petition for reconsideration of the report and order of the Commission. It may be noted that no such jurisdictional questions arose in either of the cases principally relied upon by the Plaintiff. (Winter Garden Company v. United States, 211 F.Supp. 280 (E. D. Tenn. 1962) and Willis Shaw Frozen Food Express, Inc. v. United States et al., 377 U.S. 159, 84 S.Ct. 1154, 12 L.Ed.2d 211 (1964)).

Watkins nevertheless urges this Court to exercise judicial discretion and

retain jurisdiction of this matter for fear that if it should ultimately appear that frozen vegetables, frozen fruits and frozen berries as a matter of law should be considered as one commodity class, it will have lost rights considered to be valuable to it and important to the public. This conclusion does not necessarily follow for the reason that it appears that under the provisions of Rule 102 of the Commission's General Rules of Practice, 49 C.F.R. 1.102, Watkins may petition the Commission for extraordinary relief in the nature of a reopening of the matter for further consideration of the issue whether frozen fruits, frozen berries and frozen vegetables as a matter of law comprise a single commodity class, and it further appearing that the Commission's actions upon such a petition would be reviewable. See Florida East Coast Ry. Co. v. United States, 242 F.Supp. 490 (M.D. Fla.1965); Suburban Transit Corp. v. United States, 215 F.Supp. 717 (D.C. N.J.1963) and Eck Miller Transfer Co. v. United States, 143 F.Supp. 409 (W.D. Ky.1956).

Accordingly, the prayers for the relief sought are denied and the complaint dismissed.