### McMAHON v. EWING.

United States District Court,
S. D. New York.

June 15, 1953.

John J. McMahon, Jr., New York City, for plaintiff.

Myles J. Lane, New York City, for defendant.

EDELSTEIN, District Judge.

This case arises on cross-motions for summary judgment, in an action by plaintiff, under § 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a decision of the Federal Security Administrator rendered by his Appeals Council, whereby certain primary insurance benefits claimed to be owing were suspended or otherwise not paid. There are no facts in dispute.

The issue is the validity and application of regulations limiting the time for reopening administrative determinations. In 1950 and prior thereto, determinations were made that the plaintiff (who had qualified in 1941 for primary insurance benefits) had rendered services covered by the Act during certain months for wages in excess of $14.-99, disqualifying him from receipt of benefits for those months. In June of 1950, plaintiff requested a hearing before a referee of the Social Security Administration on the question of whether his work status was that of an employee or an independent contractor. The referee held, in December of 1950, that the plaintiff's status was that of an independent contractor, under the authority of a judicial decision which was contrary to the earlier rulings of the Administration. Thereafter, the plaintiff sought return of benefits for the period of September, 1944, to September, 1946, withheld under the prior construction of his work status. The Appeals Council concurred in the referee's finding. It reopened the administrative determinations made subsequent to September of 1946 and directed payment of the withheld benefits for that period, but refused to reopen the determinations imposing deductions for the 1944 to 1946 period, on the ground that the plaintiff had not requested reopening within four years after the determinations were made, under the express provisions of the Social Security Administration's Regulations No. 3, Appendix to Subpart G. 20 CFR 1949 ed., supp. following § 403.703; 14 F.R. 6170, Oct. 12, 1949; 14 F.R. 6496, Oct. 25, 1949.

The regulations provide that the imposition of deductions constitutes an initial determination with respect to each month for which a deduction is imposed. Appendix to Subpart G(4). The initial determination shall be final unless it is reconsidered pursuant to a written request, or unless a hearing is held after the filing of a written request. Regulations No. 3, 20 CFR 1949 ed., § 403.708(a). It is further provided in the Appendix to Subpart G that an initial determination may be reopened (1) within six months, (2) after six months but within four years, upon a finding of "good cause" and (3) at any time when certain conditions not relevant here appear. "Good cause" is defined to exist where (among other circumstances) there is an error in a determination on the face of the evidence on which it is based, and not to exist where the sole basis for reopening is a change of ruling or legal precedent. The Appeals Council found good cause for reopening the determinations imposing deductions which had been made less than four years before the request for reopening was made, but refused to reopen the determinations for the period more than four years before the request because none of

the circumstances required in the regulations for such a reopening existed.

A petition for a rehearing before an administrative body is addressed to its discretion, and only a clear abuse of that discretion will support judicial intervention. Interstate Commerce Commission v. Jersey City, New Jersey, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420; United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821. And an administrative regulation is presumptively valid. One who attacks it has the burden of showing its invalidity by way of its being unreasonable or inappropriate or plainly inconsistent with the statute. United States v. Obermeier, 2 Cir., 186 F.2d 243, 247. That burden has not been met by the plaintiff. On the contrary, the defendant has cogently demonstrated that the conditions prescribed by regulation for the administrative review of determinations are clearly consistent with the statute, and reasonable and necessary to the efficient administration of the Act.

As a result of the enormous coverage of the Act, the volume of determinations of claims disallowed and deductions imposed reaches staggering totals. Obviously, there must be finality somewhere, and that finality is appropriately set at a time when credible evidence on facts in issue is reasonably available, before witnesses have disappeared and documentary evidence is lost or destroyed. Credible evidence about the particular months in which a claimant earned wages in excess of $14.99, without which no deductions can be imposed, usually has to be obtained from the employer. For those months more than four years prior to the request for reconsideration, acquisition of such evidence might prove impossible, because employers are required by the Bureau of Internal Revenue to keep wage records for four years only. The further condition for review that the request be in writing is quite reasonable in view of the nature and volume of business transacted by the agency, and plaintiff's insistence upon the fact that he made oral protests is unpersuasive. Thus, the regulations of the Social Security Administra-

tion limiting the manner and time within which an initial determination may be reconsidered, with exceptions in unusual circumstances, are essential to the administration of the Act. And the application of the regulations was proper, involving no abuse of discretion.

Accordingly, the defendant's motion for summary judgment will be granted.