**STEWART**

v.

**LINCOLN–DOUGLAS HOTEL CORP.**

No. 10916.

United States Court of Appeals
Seventh Circuit.

Dec. 1, 1953.

Rehearing Denied Jan. 11, 1954.

William R. Ming, Jr., Nelson M. Willis, Chicago, Ill., for appellant.

Henry R. Barber, Springfield, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

The plaintiff, Roeschelle Stewart, a citizen of the State of Wisconsin, residing in Milwaukee, filed this action against the defendant, Lincoln-Douglas Hotel Corporation, an Illinois corporation, the owner and operator of the Abraham Lincoln Hotel in Springfield, Illinois, seeking damages from the defendant for its refusal to furnish him accommodations in said hotel. The complaint was in three counts. The first alleged breach of contract; the second, breach of common law duty as an innkeeper; and the third, violation of the Illinois statute, Ch. 38, § 125, Ill.Rev. Stats. (1951), which prohibits discrimination on account of race or color by proprietors of hotels and other places furnishing accommodations and services to the public. This statute also provides that any person violating the statute shall be liable to the person denied such accommodation in a sum not less than $25.00 nor more than $500.00.

The complaint was dismissed on the defendant's motion on August 15, 1952. In its memorandum and order dismissing the case, the District Court pointed out that, while the complaint demanded judgment for damages in the amount of $10,000.00, even though the damages were unliquidated, the court did not acquire jurisdiction in a diversity case when the complaint showed on its face that there could not possibly be a recovery for as much as the jurisdictional minimum of $3,000.00.

On August 20, 1952, on the motion of the plaintiff, the court set aside the order of dismissal and the plaintiff was given leave to file an amended complaint within thirty days. On October 16, 1952, fifty-six days later, the plaintiff filed an amended complaint alleging the same facts in each count but adding in each count that the defendant's action in refusing the plaintiff accommodations was "wilful and intentional" and that the plaintiff was thereby harmed and damaged "in that the plaintiff was subjected to indignity and embarrassment at the hands of this defendant." To this amended complaint the defendant again filed a motion to dismiss.

The next entry in the record is an order entered May 4, 1953, dismissing the amended complaint, which order is in the following words:

"Order

(Filed May 4, 1953)

This matter coming before the court on defendant's motion to dismiss the amended complaint, the said complaint is hereby dismissed for the reasons set forth in the memorandum herein of August 14, 1952 and at direction of plaintiff without a hearing.

Chas. G. Briggle,
*United States District Judge.*

(See Letter Attached Hereto)"

"(The following letter is attached to the Order of May 4, 1953.)

"(Filed May 4, 1953)

"Nelson M. Willis
Lawyer

Phone Andover 3–3296

35 South Dearborn Street—Room 408
Chicago 3, Illinois

April 10, 1953

Clerk of United States District Court
Southern District of Illinois
Springfield, Illinois

Dear Sir:

Enclosed please find original and one copy of an Order in the case of Stewart *vs.* Lincoln-Douglas Hotel Corporation.

This matter has been discussed with Mr. Barber and it is my understanding that he is agreeable to have this Order. I am sending him simultaneously a copy of the Order.

Please advise me when the order may have been entered.

> Yours very truly,
> Nelson M. Willis
> Nelson M. Willis

NMW:oma
Enclosure

(M. A.)"

The next entry in the record, dated May 29, 1953, is the plaintiff's Notice of Appeal to the Court of Appeals under Rule 73(b), 28 U.S.C. The record shows no attempt by the plaintiff to have the District Court make any change in its order of May 4th.

Before considering the merits of this case we must first consider the defendant's motion to dismiss this appeal.

■ The defendant insists that the order dismissing the amended complaint was not a final order and, therefore, was non-appealable because the plaintiff did not expressly elect to stand on his amended complaint and no final judgment was entered disposing of the cause of action. It is true that our jurisdiction is limited, with certain exceptions not here involved, to appeals from final decisions. Title 28 U.S.C. § 1291. But, in the instant case, we think the order of the District Court dismissing the amended complaint was a "final decision" within the meaning of the statute. Here, as in Asher v. Ruppa, 7 Cir., 173 F.2d 10, 11, it is clear that the District Court by its order dismissing the complaint intended to and did terminate the litigation; and that the plaintiff by promptly taking this appeal elected to stand on the complaint. Hence, the order is appealable. Steccone v. Morse-Starrett Products Co., 9 Cir., 191 F.2d 197, 200; Cleary Bros. v. Christie Scow Corp., 2 Cir., 176 F.2d 370, 372; Markert v. Swift & Co., 2 Cir., 173 F.2d 517, 519.

A more serious objection to the plaintiff's case in this appeal is the fact that the order appealed from recites that it was entered at the direction of the plaintiff. It is not disputed that an order dismissing the amended complaint was drafted by plaintiff's counsel, submitted by him to counsel for the defendant for their approval, and was then mailed by plaintiff's attorney to the Clerk of the District Court with a letter saying that defendant's counsel was "agreeable to have this Order," and requesting that the Clerk notify plaintiff's counsel when the order had been entered. The District Judge signed the order without making any change therein except for the addition of the words, "and at direction of plaintiff without a hearing"; and the order was then duly entered of record.

The defendant now insists that if the District Court committed error in entering this order of dismissal, the error was invited by the plaintiff and the plaintiff thereby waived any possible error and cannot now be heard to complain.

■ It is a generally accepted rule of long standing that a party who agrees or consents to the entry of an order or judgment thereby waives his right to claim that the trial court committed error in the entry of the order. 4 C.J.S., Appeal and Error, Page 404, § 213. In United States v. Babbitt, 104 U.S. 767, 768, 26 L.Ed. 921, the Supreme Court said: "In Pacific Railroad v. Ketchum (101 U.S. 289 [25 L.Ed. 932]), we decided that when a decree was rendered by consent, no errors would be considered here on an appeal which were in law waived by such a consent. In our opinion, this case comes within that rule. The consent to the judgment below was in law a waiver of the error now complained of. For this reason the judgment below must be affirmed; * * *."

This court held, in In re: 4145 Broadway Hotel Co., 7 Cir., 100 F.2d 7, 9, where counsel for the appellant had approved an injunction order, that, the District Court having the jurisdiction to issue the order and the appellant having consented to its issuance, we were precluded from going into the merits of the case. See also, to the same effect, United States v. Star Const. Co., Inc., 10 Cir., 186 F.2d 666, 669; United States v. All

American Airways, Inc., 9 Cir., 180 F.2d 592; Kelly v. Great Atlantic & Pacific Tea Co., 4 Cir., 86 F.2d 296, 297; Curry v. Curry, 65 App.D.C. 47, 79 F.2d 172, 174; Fernandez v. Carrasquillo, 1 Cir., 146 F.2d 204, 208.

In attempting to avoid the consequences of having consented to the entry of the order of dismissal, the plaintiff insists that he did not authorize the addition to the order of the words, "and at direction of plaintiff without a hearing," and that such words do not correctly describe the entry of the order of dismissal. But here, as in Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460, 462, "the record shows that the judgment dismissing the complaint was rendered at the plaintiff's request. If that recital was erroneous, an application for a resettlement of the decree should have been made in the court below. No application having been made in that court for its correction, the recital on this appeal cannot be complained of. So far as this record shows, the complaint was dismissed on the plaintiff's motion, and the decree entered was in effect a decree by consent. And from such a decree the plaintiff cannot appeal. * * *"

The plaintiff finally argues that the correct interpretation of the words added by the District Judge to the order of dismissal is that the plaintiff agreed only that the order should be entered without a hearing. We find it impossible to accept this interpretation. The additional words were added not by the plaintiff but by the District Judge and were explained by the Judge by his attaching to the order of dismissal the letter from plaintiff's attorney to the Clerk of the District Court. This letter says nothing about a hearing nor about waiving a hearing but certainly it impliedly directs that the enclosed order be entered. Since the plaintiff, by his counsel, so directed the entry of the dismissal order, he thereby waived any possible error occasioned by its entry.

The order of the District Court, therefore, must be, and it is,

Affirmed.