**ECK MILLER TRANSFER COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Interstate Commerce Commission, and Forrest Milton Durrett, d/b/a Durrett Transfer Company, Defendants.**

Civ. No. 658.

United States District Court
W. D. Kentucky, at Owensboro.
Aug. 1, 1956.

410

Paul E. Bugay, Owensboro, Ky., for plaintiff.

J. Leonard Walker, U. S. Atty., Louisville, Ky., Earl Pollock, Division of Justice, Robert W. Ginnane, Interstate Commerce Commission, Washington, D. C., for defendants.

Before MILLER, Circuit Judge, SHELBOURNE, Chief Judge, and BROOKS, District Judge.

BROOKS, District Judge.

This is an action under Sections 1336, 2284 and 2321–2325, Title 28 U.S.C.A., brought by plaintiff, Eck Miller Transfer Company, against the United States of America, Interstate Commerce Commission and Forrest Miller Durrett, doing business as Durrett Transfer Company. Plaintiff seeks to vacate and set aside an order of the Commission denying a petition for further hearing and reconsideration and refusing to permit plaintiff to present evidence that conditions had changed since a certificate of public convenience and necessity was recommended authorizing the defendant, Durrett Transfer Company, to operate as a motor common carrier over a direct route between Owensboro, Kentucky, and Nashville, Tennessee. The case was heard by a special statutory court of three judges convened in accordance with Title 28 U.S.C.A. §§ 2284(1) and 2325.

An application seeking authority to operate between Owensboro and Nashville was filed by Durrett Transfer Company on February 2, 1953, and a hearing was held before a Joint Board on November 18 and 19, 1953, in Docket No. MC–57770, Sub. 6. Plaintiff appeared in opposition to the application which the Joint Board recommended be allowed. After exceptions to the recommended report had been filed by the plaintiff, the Commission, by Division 5, on January 28, 1955, found that the operation proposed by Durrett Transfer Company was required by the present and future convenience and necessity and that the certificate should issue. Plaintiff then filed the petition for further hearing and reconsideration which the entire Commission denied on July 18, 1955. On August 9, 1955, the certificate was issued to Durrett Transfer Company.

Plaintiff's interest in opposing the issuance of a certificate to Durrett Transfer Company arises from the fact that it had been granted authority by the Commission on December 22, 1950, to operate over the same route. It did not begin to operate over the route, however, until sometime in October, 1954, which was almost four years after receiving its authority and eleven months after the hearing before the Joint Board and its recommendation that the certificate to Durrett Transfer Company be issued. The reasons advanced for plaintiff's failure to commence operations are that plaintiff's principal stockholder and operator died in February, 1951, and thereafter due, to mismanagement, plaintiff was required to resort to a reorganization in bankruptcy which was not concluded until January 11, 1954.

The plaintiff does not challenge the fact that there was sufficient evidence introduced before the Joint Board to authorize the issuance of a certificate to Durrett Transfer Company under conditions as they existed at the time of the hearing in November, 1953. Its complaint is limited to the Commission's refusal to grant a rehearing and reopen the proceedings to permit the plaintiff to show the change in conditions brought about in October, 1954, by plaintiff's

commencement of operations over the Nashville and Owensboro route.

 There must be some finality to administrative procedures, and it is well settled that the granting or denying of a petition for further hearing and reconsideration is discretionary with an administrative agency, and its decision will not be disturbed upon judicial review unless there is a clear showing of an abuse of discretion. Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420; United States v. Pierce Auto Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; Monumental Motor Tours v. United States, D.C., 110 F.Supp. 929; Carolina Scenic Coach Lines v. United States, D.C., 59 F. Supp. 336, affirmed 326 U.S. 680, 66 S.Ct. 37, 90 L.Ed. 398.

 Although the plaintiff was authorized to operate as a common carrier by motor vehicle between Owensboro and Nashville in December, 1950, it did not institute such service until October, 1954. The Commission was notified for the first time that plaintiff was exercising its authority by an allegation contained in the petition for rehearing. At the time of the hearing on the application of Durrett Transfer Company held in November, 1953, which was almost three years after plaintiff acquired its authority, it was known that plaintiff's certificate was outstanding and that operations had not been instituted. Clearly the Commission did not abuse its discretion in refusing to reopen the proceedings and permitting plaintiff at this late date to seek to prevent another carrier from operating over a route that plaintiff had neglected for so long a period, and which service was found to be in the public interest in 1950 at the time plaintiff's certificate was issued.

Plaintiff relies principally upon Atchison, Topeka & Santa Fe Railway Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273, in support of the contention that a showing of a change in conditions between the hearing and final order requires a rehearing by the Commission. This case, however, involved an exceptional situation, namely, the economic depression of 1931 which created such a different economic level that the Court really treated the petition for a hearing as a supplemental bill rather than the ordinary petition for rehearing. The case is discussed and its rule restricted to its special facts by the Supreme Court in the later case of Interstate Commerce Commission v. Jersey City, supra.

The Commission's order is not unlawful or arbitrary, and an order is this day entered dismissing plaintiff's complaint.