**MARTIN MARIETTA CORPORATION,**
Petitioner,

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 15618.

United States Court of Appeals
Seventh Circuit.

April 11, 1967.

Rehearing Denied May 8, 1967, en banc.

Schnackenberg, Circuit Judge, dissented.

Harold F. Baker, Terrence C. Sheehy, Washington, D. C., for petitioner, Howrey, Simon, Baker & Murchison, Washington, D. C., Clarence W. Miles, Clark C. Vogel, Edwin V. Petz, New York City, of counsel.

J. B. Truly, Asst. Gen. Counsel, and Charles C. Moore, Jr., Atty., F. T. C., James McI. Henderson, Gen. Counsel, Washington, D. C., for the Federal Trade Commission.

Before HASTINGS, Chief Judge, and SCHNACKENBERG, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Martin Marietta Corporation petitions for review of an order of the Federal Trade Commission granting in part and denying in part a motion for modification of an order of divestiture previously entered by consent. The question presented concerns the reviewability of the Commission's order.

The Commission issued a complaint against the petitioner [1] in January 1961

1. The complaint was issued against American-Marietta Company, Chicago, Illinois. The petitioner was formed by a statutory consolidation of American-Marietta and the Martin Company, Baltimore, Maryland, in October 1961.

charging that the petitioner's acquisition of various concrete pipe, cement, lime, and construction aggregates [2] properties was in violation of section 7 of the Clayton Act, 15 U.S.C. § 18, and section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. Negotiations between the petitioner and the Commission staff resulted in the execution of a consent agreement on February 5, 1963, which was effectuated by order of the Commission on March 12, 1963. The consent order, in part, required the petitioner to divest itself of sixty-one concrete pipe plants, thirteen construction-aggregates quarries or quarry sites, and two lime plants within a period of twenty-four months.[3]

In September 1964 the petitioner requested the Commission to modify the consent order by deleting eight of the thirteen quarries [4] from the divestiture provisions because of changed conditions of fact. The Commission's Bureau of Restraint of Trade responded to the petitioner's application, challenging the allegations contained in it. Subsequently, in March 1965, the petitioner filed a reply alleging additional information and submitted a request that the Commission permit oral argument "prior to any negative action" on the motion to modify. In December 1965, at the Commission's request, the reply was supplemented by the petitioner's current data, at which time the petitioner renewed its request to be heard orally prior to any unfavorable action.

On January 12, 1966, the Commission, without hearing argument, entered the order challenged in this proceeding. The order modified the earlier consent order by striking one quarry from the list of those required to be divested, but denied the petitioner's motion as to the remaining quarries, stating that "there has been no showing made that changed conditions of fact or law or the public interest warrant modification." [5]

The petitioner contends that the Commission's order must be set aside on review because, in denying the petitioner's motion to make additional modifications in the consent order, the Commission did not afford the petitioner an evidentiary hearing with respect to the seven quarries not deleted and did not comply with its own rules regarding the procedure for modifying existing orders. The Commission, on the other hand, contends that insofar as its order denies the petitioner's motion to modify the consent order it is not subject to review by this court. We agree with the Commission.

■ The pertinent statutory provisions relating to modification of the Commission's orders after the time for review has elapsed are section 5(b) of the Federal Trade Commission Act, 15 U.S.C. § 45(b), and section 11(b) of the Clayton Act, 15 U.S.C. § 21(b), whose terms are identical in all important respects. Section 5(b) of the Federal Trade Commission Act provides in part:

After the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time, the Commission may at any time, after notice and opportunity for hearing, reopen and alter, modify, or set aside, in whole or in part, any report or order made or is-

---

2. Crushed stone, sand, and gravel.

3. The petitioner divested itself of the concrete pipe plants and the lime plants, which had a combined book value of approximately $40,700,000.

4. The total book value of the quarries was approximately $3,600,000. The book value of the eight quarries not divested is approximately $3,000,000.

5. The petitioner's subsequent motion for reconsideration and for an evidentiary hearing "to resolve * * * factual disputes" was also denied by the Commission, with the statement that "even if the facts set forth by [petitioner] in its application to modify the consent order are taken as true, there has been no showing made that changed conditions of fact or law or the public interest warrant modification. * * * "

sued by it under this section, whenever in the opinion of the Commission conditions of fact or of law have so changed as to require such action or if the public interest shall so require: *Provided, however,* That the said person, partnership, or corporation may, within sixty days after service upon him or it of said report or order entered after such a reopening, obtain a review thereof in the appropriate court of appeals of the United States, in the manner provided in subsection (c) of this section.

The "review" which may be obtained under this section is a review of the "order entered after \* \* \* reopening," not a review of the original order. The review must therefore confine itself to the modifying order, more specifically, to that portion of the order which effects changes in the original order.

 The portion of an "order entered after \* \* \* reopening" which refuses any further modification of the original order is not reviewable. Any other interpretation of the statute is logically inconsistent with the finality of the original order. Further, a different construction would place the Commission in a position which we think Congress did not intend. Neither the Federal Trade Commission Act nor the Clayton Act provides for review by courts of appeals of any action of the Commission denying a motion to reopen or modify a final order. If the Commission had summarily denied the petitioner's motion, its action would not be subject to review. If, on the other hand, by modifying in one particular an order previously entered the Commission thereby opens its previous order to a second review in all particulars challenged, the Commission is faced with a dilemma; it is likely to be discouraged from granting relief which it is not obliged to extend but which it might otherwise grant, at least in part, at the request of per-

sons bound by orders which have become final.

 We think the statute was intended to provide judicial review of action taken by the Commission which is unfavorable to or is resisted by a person subject to an existing order. It is for this reason that the statute requires the Commission to provide "notice and opportunity for hearing" prior to modifying such an order. In the instant case, the only modification occurred as a result of the petitioner's request, and the petitioner does not object that a portion of its request was granted. The petitioner's objection is that its request was not granted in its entirety. It seeks a review of the Commission's refusal to make further modifications in the consent order, or at least a review of the Commission's refusal to grant the petitioner a hearing with respect to the additional modifications the petitioner requested. The petitioner has no right to such review.

 There is another reason, aside from the lack of statutory authority, why the Commission's order is not reviewable. The order which the petitioner sought to modify is a consent order. The agreement reached by the petitioner and the Commission prior to the entry of the consent order states in part:

> Upon entry of this consent order, [petitioner] waives any further procedural steps before the hearing examiner and the Commission, a statement of findings of fact and conclusions of law, and all of the rights it may have to challenge or contest the validity of the order to divest and to cease and desist entered in accordance with this agreement.[6]

The order entered pursuant to this agreement is therefore basically similar to a consent decree entered by a court. The scope of review of consent decrees is extremely narrow. Stewart v. Lincoln-

6. The agreement also provides that the consent order "is agreed to be dispositive of all the issues in this case," and adds that "it may be altered, modified or set aside in the same manner and within the same period provided by statute for other orders."

Douglas Hotel Corp., 208 F.2d 379 (7th Cir. 1953). "Ordinarily a party to a consent decree cannot question its validity on appeal, if the court had jurisdiction to enter the decree, unless there are facts which nullify the consent." In re 4145 Broadway Hotel Co., 100 F.2d 7, 8 (7th Cir. 1938). In Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587 (1928), the Supreme Court affirmed an order of the Supreme Court of the District of Columbia overruling motions to vacate a consent decree entered four years earlier. The Court stated:

> The decree sought to be vacated was entered with the defendants' consent. * * * "[A] decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause." * * * Where, as here, the attack is not by appeal or by bill or review, but by a motion to vacate, filed more than four years after the entry of the decree, the scope of enquiry may be even narrower. Id. at 323–324, 48 S.Ct. at 314.

The petitioner did not seek review of the consent order when it was entered and does not now challenge the Commission's jurisdiction over the subject matter or allege lack of consent. The petitioner asks us to review the Commission's refusal to vacate a portion of the order. By its consent to the order, however, the petitioner waived its objections to the terms of the order. The petitioner may not challenge the Commission's refusal to modify those terms.[7]

The petition for review is dismissed.

SCHNACKENBERG, Circuit Judge (dissenting).

Because of the unusual manner in which the Commission disposed of Martin Marietta Corporation's petition, without a hearing, I feel that the spirit as well as the letter of the law were violated. Federal Trade Commission Act, Section 5(b), 15 U.S.C. § 45(b), and the Clayton Act, as amended, Section 11(b), 15 U.S.C. § 21(b); Administrative Procedure Act, Sections 5, 7 and 8, 5 U.S.C. §§ 1004, 1006, 1007. See also Rules of the Commission, 16 C.F.R. § 3.28.

---

7. The difficulty of reviewing the denial of the petitioner's motion to modify the consent order should also be noted. Because the matter was not contested, and as stated in the consent agreement, "the record on which the decision of the Commission * * * shall be based shall consist solely of the complaint and this agreement." The facts upon which the Commission relied in issuing its complaint and which prompted the petitioner to en-

ter the consent agreement are therefore not available to us in determining whether the Commission erred or otherwise abused its discretion in refusing to modify the consent order on the basis of "changed conditions of fact." This is another indication why the Commission's order is not reviewable. Cf., Swift & Co. v. United States, 276 U.S. 311, 327, 329, 48 S.Ct. 311 (1928).