**KENNECOTT COPPER CORPORATION, Petitioner,**

v.

**FEDERAL TRADE COMMISSION, Respondent.**

**No. 75-1699.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 21, 1976.

Decided Aug. 4, 1976.

Rehearing and Rehearing En Banc Denied Oct. 12, 1976.

William Piel, Jr., Sullivan & Cromwell, New York City, and Donald C. McKinlay of Holme, Roberts & Owen, Denver, Colo. (Arthur H. Dean, Roy H. Steyer and John L. Warden of Sullivan & Cromwell, New York City, William Simon, J. Wallace Adair, John Bodner, Jr., and Francis A. O'Brien of Howrey & Simon, Washington, D. C., on the brief), for petitioner.

W. Baldwin Ogden, Atty., F. T. C., Washington, D. C. (Robert J. Lewis, Gen. Counsel, Gerald Harwood, Asst. Gen. Counsel, and Robert E. Duncan, Atty. F. T. C., Washington, D. C., on the brief), for respondent.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The cause is before us on this occasion on the motion of Kennecott seeking to persuade this court to modify its affirmance and order of enforcement of the FTC order requiring Kennecott to divest itself of the Peabody Coal Company which it had acquired.

It was on September 15, 1972, that we approved the order of the FTC requiring Kennecott Copper Company to divest itself of the Peabody Coal Company. On that occasion we upheld the Commission's determination that the effect of the acquisition may be to substantially lessen competition or tend to create a monopoly. The FTC had issued its decision on May 13, 1971. In our opinion, *Kennecott Copper Corporation v. FTC,* 467 F.2d 67 (10th Cir. 1972), we noted that the pivotal question "in the case was whether prior to the merger Kennecott was a recognized potential entrant into the coal producing business and whether the elimination of Kennecott (as such a potential entrant) by its purchase of Peabody may have substantially lessened competition or tended to create a monopoly." 467 F.2d at 69.

On October 13, 1972, Kennecott's petition for rehearing was denied en banc by this court. On April 1, 1974, the Supreme Court denied Kennecott's petition for certiorari,

416 U.S. 909, 94 S.Ct. 1617, 40 L.Ed.2d 114. On April 22, 1974, the Court denied a petition for rehearing, 416 U.S. 963, 94 S.Ct. 1983, 40 L.Ed.2d 314. As of that latter date, then, the order became final pursuant to the Clayton Act, 15 U.S.C. Section 21(g)(3). On April 1, 1974, the Commission extended until October 1, 1975, the time which governed the filing of a final order by Kennecott detailing its plans for complying with the order of divestiture. On motion of Kennecott, a stay was granted until October 14, 1975.

Kennecott has refused to accept the finality of the order. This is apparent from its numerous efforts to persuade the FTC to reopen the case and by its persistence in seeking to persuade this court that it should take some action in its behalf.

15 U.S.C. Section 21(c) provides that the judgment affirming the motion "shall be final, except that the same shall be subject to review by the Supreme Court on certiorari. * * *" Certiorari has been sought and denied. Hence under 15 U.S.C. Section 21(g)(3), the order is once again final. Kennecott would, however, have us hold that the review proceedings here are equitable and that we have a continuing jurisdiction to review our order of affirmance. Therefore, according to its further arguments, inasmuch as the economic conditions have changed drastically since entry of our order and judgment, we are obligated to reopen and reconsider the case.

■ The facts which they point to showing a change of condition are the fuel shortage plus the alleged fact that both the FTC and this court in affirming the Trade Commission were wrong in projections made that there would be a trend toward concentration of the coal industry. They also rely on the argument that the FTC was wrong in its prediction that there was a shortage of strong entrants into coal production and in projecting that Peabody would become an entrenched dominant firm. In essence, then, they contend that subsequent developments have proven that it was palpably unjust to compel Kennecott to divest itself

of Peabody Company, so they seek nothing less than attempted retrial or rehearing of the issues. We must reject all of these contentions.

In ordering that the FTC's order be enforced, we considered fully FTC's argument that Kennecott was the most likely entrant into the coal business and that the coal industry was tending toward concentration. We upheld the FTC's finding that Kennecott's acquisition of Peabody eliminated a substantial competitor and thereby substantially lessened competition in the industry. This was the result of a careful analysis of the issues of fact and law. For us to now deny enforcement of the provisions of the order requiring divestiture or, in the alternative, to require the Commission to reopen would not only be action outside the law since our judgment was final, it would also lack justification from a purely factual standpoint. We do not agree with Kennecott that there has been a change of circumstances since 1972 which makes divestiture unjust.

■ It is true that a court has inherent authority to construe and clarify its order entered following review of agency action, but such clarification could be appropriate only if the order were ambiguous or unclear. *Floersheim v. Engman,* 161 U.S.App. D.C. 30, 494 F.2d 949 (1973). *See also Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945). Kennecott does not wish for us to clarify the judgment. It is interested in obtaining a substantial modification of it.

The case of *FTC v. Dean Foods Co.,* 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966), is relied on by Kennecott. There the Supreme Court's holding was that where the FTC had issued a complaint pursuant to Section 7 of the Clayton Act against a prospective merger, the Commission had standing to seek a preliminary injunction restraining the merger pending the outcome of the action. In its opinion the Court stated that there was no basis for precluding the agency from asking the Court of Appeals to grant preliminary equitable relief in order to protect the agency's jurisdic-

tion, but this case is far different from the problem at bar. It is one thing to invoke the court's authority to facilitate the agency's performance of its duties; it is quite another thing to ask us to go outside the authority granted to us so as to interfere with or overturn the agency's decision. Here the FTC has completed its review and has issued its order. To interfere with this would in fact and in law constitute not a protection of agency jurisdiction, but infringement of its jurisdiction.

The applicable statute, 15 U.S.C. Section 21(c), spells out when the order shall be final. The FTC Act, 15 U.S.C. Section 45, is substantially the same. From a reading of these statutes, the FTC only would have authority to reopen a case when changes in the facts or the law or the public interest necessitate a modification of the order. *See* H.R.Rep.No.580, 86th Cong., 1st Sess., U.S. Code Cong. & Admin.News 1959, p. 1804. The House Report cited *American Chain and Cable Co., Inc. v. FTC,* 142 F.2d 909 (4th Cir. 1944).

In *American Chain and Cable* the Commission had refused to review an order that had been reviewed by the court. It said that it did not have the power to do so at that stage. In rejecting this the Court of Appeals carefully pointed out that its decision depends on the agency's order and is not the product of the underlying condition. We do not consider the fact that the case arose under the FTC Act rather than the Clayton Act makes the case less authoritative since the review provisions of the Clayton Act follow those found in the FTC Act.

Since, then, there has been no modification of the FTC's order of divestiture, we see no jurisdictional basis for our modifying the decree. If we were to do so we would be usurping the function which Congress has granted to the Commission.

■ The position we take, therefore, is consistent with the general principle that the court's jurisdiction with respect to review of administrative agency action extends as far and no further than the statute authorizes. *SEC v. Louisiana Public Serv-*

*ice Commission,* 353 U.S. 368, 77 S.Ct. 855, 1 L.Ed.2d 897 (1957); *Martin Marietta Corporation v. FTC,* 376 F.2d 430 (7th Cir.), *cert. denied,* 389 U.S. 923, 88 S.Ct. 237, 19 L.Ed.2d 265 (1967). As was said by the Supreme Court in *American Federation of Labor v. NLRB,* 308 U.S. 401, 404, 60 S.Ct. 300, 302, 84 L.Ed. 347 (1940), the jurisdiction of federal courts to review agency action ". . . is specially conferred by legislation relating specifically to the determinations of such agencies made subject to review, and prescribing the manner and extent of the review."

We deem it significant that the Clayton Act, 15 U.S.C. Section 21(b), provides that in the event of a change of facts or law or if the public interest shall so require, the Commission may reopen a case and modify an order. Consistent with this are the holdings that judicial review is available only where the FTC has decided to reopen the case. *See* 15 U.S.C. Section 21(b); *Martin Marietta Corporation v. FTC,* 376 F.2d 430 (7th Cir.), *cert. denied,* 389 U.S. 923, 88 S.Ct. 237, 19 L.Ed.2d 265 (1967); *Rettinger v. FTC,* 392 F.2d 454 (2d Cir. 1968); *see also SEC v. Louisiana Public Service Commission,* 353 U.S. 368, 77 S.Ct. 855, 1 L.Ed.2d 897 (1957).

We recognize that Kennecott has not specifically requested that we review the denial by the FTC of its request made to that agency to reopen. Yet, in essence, that is what Kennecott is seeking. If we were at this stage to revise our 1972 decree by denying enforcement of the divestiture order, this would result in the Commission's having to conduct further proceedings or at least to modify its order. To do so it would have to reopen the case. This would be contrary to the letter and the spirit of the law.

Finally, from the standpoint of policy, all litigation including administrative adjudications must have some finality. To accept Kennecott's argument would be tantamount to allowing litigants to thwart enforcement by protracted court proceedings.

We conclude that this court lacks jurisdiction to entertain the Kennecott motion;

that we have not been granted jurisdiction under the Clayton Act; and that we do not have inherent equitable powers to review the 1972 enforcement order or decree.

Kennecott's motion for modification of the court's decree enforcing the order of the FTC is, therefore, denied.

BARRETT, Circuit Judge (dissenting):

I respectfully dissent.

I agree that Kennecott is seeking to be reheard on the same *issues* which were involved in the original divestiture proceeding, but I do not agree that Kennecott has failed to set forth facts strongly indicating that the projections and assumptions leading to the conclusions relied upon by the FTC in 1972 for the "meat" of its divestiture order—which this Court then properly held to be predicated upon substantial evidence—have simply not come to pass. There is indication that the 1972 FTC good faith analysis is not now valid. That, however, is a determination to be made by the FTC initially and not by this Court.

I agree with FTC Commissioners Nye and Thompson who dissented in the 3 to 2 vote cast upon Kennecott's July 7, 1975 petition to reopen the administrative proceedings. That petition was based upon the changes in the structure of the coal industry which have occurred since the FTC filed its original order about five years ago. Commissioners Nye and Thompson observed that because of the dramatic need for coal which has become of paramount national concern, generating massive and aggressive undertakings by major companies to enter the coal acquisition-exploration fields, that there is no substantial public interest to weigh against the benefit to be derived from examining the evidence relative to present developments in the coal industry.

I would hold that the FTC order of July 22, 1975, denying Kennecott's "Petition to Reopen the Proceeding" constitutes an abuse of discretion requiring that this Court, on the record before us, order the Commission to undertake full and complete administrative proceedings in accordance

with said petition and render findings and conclusions for our review, if presented. Such an order is specifically authorized under the terms and provisions of 5 U.S.C. § 706.

In *Cappardova v. Celebrezze*, 356 F.2d 1 (2nd Cir. 1966), Judge Friendly held that an agency decision not to reopen what had become a final and binding determination was reviewable and that agency discretion with regard to reopening [*see* 5 U.S.C. § 701(a)] did not immunize such a decision from any judicial examination to determine whether the administrative decision constitutes an abuse of discretion under § 10(e) of the APA, 5 U.S.C. § 706, *supra. See also Langford v. Flemming*, 276 F.2d 215 (5th Cir. 1960); *Eck Miller Transfer Co. v. United States*, 143 F.Supp. 409 (D.C.Ky.1956); *McMahon v. Ewing*, 113 F.Supp. 95 (D.C.N.Y.1953).

I agree that there is no jurisdictional basis for this Court to modify our decree in *Kennecott Copper Corporation v. FTC*, 467 F.2d 67 (10th Cir. 1972). I would, however, direct the FTC to reopen the case for full and complete administrative proceedings upon Kennecott's petition so as to determine whether there have been sufficient changes in the structure of the coal industry and the public interest to be served which may justify the alteration, modification or setting aside of its prior final divestiture order on the basis of changed conditions of fact or law or both. *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); Section 3.72(b)(2) of the FTC's Procedures and Rules of Practice; Section 11(b) of the Clayton Act, 15 U.S.C. § 21(b); Davis, Administrative Law Treatise, Vol. 4, §§ 28.08, 28.21.