**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 18, 2015[*]
Decided June 24, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 14-3106 & 14-3524

| | |
|---|---|
| JUDITH MARIE PAULICK, *Petitioner-Appellant*, | Appeals from the United States Tax Court. |
| *v.* | Nos. 3020-12 & 29394-12 |
| COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee*. | Mary Ann Cohen, *Judge*. |

**O R D E R**

Judith Paulick appeals from two decisions of the Tax Court establishing income tax deficiencies for tax years 2004 through 2010. Paulick stipulated to the entry of those decisions, and for that reason her appeals are without merit.

Paulick is licensed to practice law in Wisconsin and has represented clients in disputes with the IRS. In the cases now before us Paulick received two notices of

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

deficiency for her own tax liability (one for tax year 2004 and the other for 2005 through 2010). Paulick retained counsel and, for each notice, filed a petition in the Tax Court seeking a redetermination of the deficiency. Paulick's lawyer and IRS counsel negotiated comprehensive pretrial stipulations, *see* TAX CT. R. 91, and based on those stipulations the parties agreed on the amount owed by Paulick. Her lawyer, and Paulick personally, then consented to the entry of the first stipulated decision on her petition for tax year 2004. Shortly afterward, Paulick fired her attorney, and without counsel she consented to the second stipulated decision on her petition for tax years 2005 through 2010. The two decisions entered by the Tax Court make Paulick liable for additional tax of $290,370 and penalties of $123,595 (in total about half of what the IRS originally had sought). After personally approving the stipulated decisions, though, Paulick filed a notice of appeal from each decision.

For the first time on appeal Paulick asserts that she didn't validly consent to entry of the stipulated decisions and shouldn't be bound by them. She principally contends that her attorney pressured her to sign the underlying pretrial stipulations by "threatening" that the IRS would seek a higher fraud penalty if she did not immediately agree to those stipulations. And since the pretrial stipulations were signed "under duress," says Paulick, the Tax Court's decisions incorporating those stipulations should be vacated.

But a litigant who consented to the entry of a decision cannot challenge that decision on appeal unless the right to do so was reserved explicitly when consent was given. *See Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 682–83 (7th Cir. 2001); *Ass'n of Cmty. Orgs. for Reform Now v. Edgar*, 99 F.3d 261, 262 (7th Cir. 1996); *White v. Comm'r of Internal Revenue*, 776 F.2d 976, 977 (11th Cir. 1985); *Tapper v. Comm'r of Internal Revenue*, 766 F.2d 401, 403 (9th Cir. 1985). Paulick did not reserve the right to appeal, and thus to evade the resulting waiver she would have to establish that the Tax Court lacked subject-matter jurisdiction to enter the stipulated decisions or that she did not actually consent. *See Martin Marietta Corp. v. FTC*, 376 F.2d 430, 434 (7th Cir. 1967); *Nat'l Res. Def. Council v. Pena*, 147 F.3d 1012, 1019 (D.C. Cir. 1998); *Tapper*, 766 F.2d at 403; *White*, 776 F.2d at 977. Paulick does not contest the Tax Court's jurisdiction to decide her case, and instead asserts that her consents to the stipulated decisions are invalid because of her attorney's "threats" and "misrepresentations."

The problem with this contention, however, is that Paulick raises it for the first time on appeal. Her accusations against her lawyer have no support in the record, and, in fact, Paulick consented to entry of the second stipulated decision, which accounts for

more than 90% of what she owes the IRS, after she had fired counsel. Moreover, although Paulick could have addressed her concerns to the Tax Court through postjudgment motions, *see* TAX CT. R. 162, she failed to do so. Paulick gives no plausible explanation for that omission, and as noted by the appellee, we do not take new evidence or decide disputed facts. *See Martin Marietta Corp.*, 376 F.2d at 434 n.7 (noting difficulty of reviewing request to modify consent order since issue was uncontested during agency proceedings); *Stewart v. Lincoln-Douglas Hotel Corp.*, 208 F.2d 379, 382 (7th Cir. 1953) (explaining that appeal cannot lie where record showed judgment was entered at plaintiff's consent and "an application for a resettlement of the decree" was not made in the district court); *Gatto v. Comm'r of Internal Revenue*, 1 F.3d 826, 828 (9th Cir. 1993) (noting unwillingness to entertain allegation that consent was invalid since assertion was first raised on appeal and there were "no factual findings regarding its veracity").

Accordingly, the judgments of the Tax Court are AFFIRMED.